### 1602. OOSTANAULA & COOSA STEAMBOAT CO. v. HAMPTON.

The evidence authorized a recovery in behalf of the plaintiff, the requests to charge, so far as pertinent, were covered in the general instructions of the judge to the jury, and there was no error in refusing a new trial.

Action for damages, from city court of Floyd county—Judge Hamilton. December 22, 1908.

Argued February 11,—Decided July 31, 1909.

*George A. H. Harris & Son,* for plaintiff in error.

*M. B. Eubanks, W. B. Mebane,* contra.

RUSSELL, J. Hampton sued the steamboat company for the value of certain lumber, which he claimed had been lost through a failure of the steamboat company to transport and deliver the

lumber from Potash to Rome. The defendant company was the owner of the steamboat "Dixie," plying on the Coosa river, and there were two other carriers owning boats running over this portion of the river. There was a custom that lumber should be piled on the wharf at Potash, and if not tagged for any particular boat, any of the boats passing would have the right to transport the same; but if tagged for a particular boat and another boat transported the lumber, it would lose the freight. There was conflict in the evidence as to whether the lumber involved in this controversy was tagged or not. The plaintiff testified that it was not tagged. Several of the defendant's witnesses testified that it was tagged for one of the boats of another line, the "Alabama," and that was the reason the defendant's boat "Dixie" had not transported the lumber. The lumber was lost by reason of the fact that a flood caused the river to overflow its banks and wash the lumber away. The lumber had been piled on the banks for over a month when it was lost, and the defendant's boat had been making trips by Potash about twice a week. The plaintiff testified that he notified the president of the defendant company that the lumber was at Potash and requested him to have his boat transport it to Rome, and that the president promised time and again that he would do so; that the first request and promise was made several weeks before the lumber was washed away.

If the jury believed the plaintiff's evidence, a recovery was authorized. The defendant submitted several requests in writing, in which it sought to have submitted to the jury the proposition that there could be no recovery against the defendant, unless the lumber had been delivered and accepted by it for transportation or had been tendered for transportation. These requests embodied a sound proposition of law, but the refusal of the judge to give them in charge is not error, inasmuch as the proposition insisted upon by the defendant was clearly given in charge by the judge in his general instructions to the jury. Indeed, the proposition as stated by the judge to the jury was even more favorable to the defendant than as stated in the requests. The judge charged the jury: "You look to the evidence in this case, gentlemen, and find whether or not there was any contract with this company to haul these goods, and whether or not there was a delivery and acceptance of them at the place designated. If you find that

there was no such contract and no such delivery and acceptance, then you would be authorized to find for the defendant. On the other hand, if you find there was such a contract and that there was a delivery and acceptance of the goods, and through its negligence and carelessness the goods were destroyed as alleged, then you would find for the plaintiff the market value of the goods." The defendant can not complain that the judge did not charge in connection therewith that the defendant would be liable if the goods were tendered to it. If any one can complain that this principle was not charged, it is the plaintiff, and not the defendant. By comparing the request to charge made by the defendant and the charge actually given by the judge, it will be seen that the charge given made the defendant's liability narrower than the request did.                                   *Judgment affirmed.*